FRANKLIN B. HAM *vs.* BANQUE VILLE MARIE.

PROVIDENCE—OCTOBER 31, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Insolvent Corporations.  Parties.  Comity.  Equity.*

By virtue of the provisions of Rev. Stat. Canada, vol. 2, cap. 129, § 15, and Stats. Canada, 53 Vict. cap. 31, § 91, upon the appointment of liquidators for the purpose of winding up the affairs of a corporation, the corporate powers continue so far as concerns the collection of a debt due to it. Hence, where judgment had been entered in favor of a foreign corporation and execution levied, and liquidators were appointed to wind up the corporate business :—

*Held,* that a bill was improperly brought to enjoin further proceedings under the execution and to make the liquidators parties to the action.

BILL IN EQUITY setting out that the respondent had recovered judgment against the complainant; had levied execution upon his real estate and that sale of said real estate had been advertised ; that liquidators of the respondent corporation had been appointed by the Superior Court of the Province of Quebec, the corporation being insolvent; that the liquidators had never been made parties to the cause. The bill charged that for the reasons stated the proceedings were irregular, and prayed that further proceedings might be enjoined until the liquidators were made parties to the action ; and, further, that the judgment theretofore entered might be vacated and annulled.   Heard on demurrer to bill, and demurrer sustained.

PER CURIAM.   The complainant bases his right to maintain this bill upon the ground that the defendant corporation became extinct upon the appointment of liquidators, and so the original suit abated.

(1)  An inspection of the statutes of Canada, referred to in the brief, does not support the complainant's claim.   Rev. Stat. Canada, vol. 2, cap. 129, § 15, provides that the company shall cease to carry on its business from the time of the winding up order except in so far as, in the opinion of the liquidator,

is required for the beneficial winding up thereof; and also that "the corporate state and all the corporate powers of the company, notwithstanding it is otherwise provided by the act, charter, or instrument of incorporation, shall continue until the affairs of the company are wound up."

Stats. Canada, 53 Vict. cap. 31, § 91, relating to banks, provides that insolvency of a bank shall operate a forfeiture of its charter, so far as regards all further banking business, and the charter shall remain in force only for the purpose of enabling the directors or other lawful authority to make and enforce calls and to wind up its business.

Under the provisions it is clear that the corporation has not become extinct in reference to the collection of a debt due to it.

Demurrer sustained.

*Page & Page, Arthur Cushing, and Edward D. Bassett,* for complainant.

*Wood & Fitch,* for respondent.